In The Court of Criminal Appeals
Austin, Texas

12,375-2

Herbert Feist,
Appellant,

vs.                                   Case No. _____

The Criminal District
Court of Jefferson County, Texas

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 24 2015
Abel Acosta, Clerk

Petition For Writ of
Mandamus

To The Honorable Judge of Said Court:

Comes Now, Herbert Feist Appellant, in the above style of action, who makes and files this his Petition for Writ of Mandamus, and would respectfully show unto this Honorable Court, the following, to wit;

I.

Trial Court has not read or looked at the Habeas Corpus filed, but went along with State Lie, that it is filed under an Abuse of Writ Cause some three more additional times.

The truth is Applicant filed for the first time Cause No. 36429 and 36678, the State maliciously lied on Official

Government Documents, by the belo

## II.

I, filed two separate act and differen, Application for Writ of Habeas Corpus. One in Cause No. 36429 Unauthorize Use of Motor Vehicle, from 1978. The other A robbery in Cause No. 36678, A 1979 conviction.

No appeal, or Writs Never been filed in either cause.

They are Void, And currently is used as enhancements in a current charge. The State is aware of what I filed, yet "lied" to the trial court, who never investigated or read the Writ.

The State, claimed I filed under A 1981 Aggravated Robbery Cause No. 39295.

It is impossible to get Cause No. mixed up, years mixed up, offenses mixed up

The reason is Cause No. 39295, have Writ Abuse on it.

Although I constantly have shown court that Writ Abuse should be removed.

— 2 —

## III.

I, Alleged in Cause No. 39295, that a successfully served Shock Probation was used to enhance this cause before a jury.

The State lied in it's answer, no hearing was had, in 1983 Writ Abuse was entered.

In 1995, a federal evidentiary hearing was had, for the 1st time information came out by Judge Gist, that he back dated the sentence, I could not have known this to file on it before writ Abuse in 1983, All records oral and written pleadings still show Shock Probation. Yet they refused any hearing.

The Court of Criminal Appeals state back dating is Illegal and Unconstitutional. The sentences that was back dated is the ones I filed the two different writs on Case No. 36429 & 36678, car theft and robbery. From 1978-79.

Currently, they are using all these Void convictions in a new case as enhancements.

In Additional, I'm still on Parole from the Cause No. 39295 Void conviction, which have been violated.

It is obvious that Judge Stevens Never read writ, but went Along with State claiming Writ Abuse is entered in CAUSE NO. 39295.

I did "NOT" Allege that CAUSE AND is NOT filing under that CAUSE. It is NO Writ Abuse under 36429 or 36678.

Further, under 39295, A Void Conviction can be Attacked Any time.

IN ADDITIONAL in 1985, I was bench WARRANTED back to jail because All State Witnesses, and Complainant recanted their Story. They found out in CAUSE NO. 39295 I WAS'nt the one that robbed them. No hearing WAS had.

Wherefore, Premises Considered Appellant prays that MANDAMUS issue he be Allowed to proceed As A true indigent. A hearing And Attorney be Appointed. Done on this 19th day of JAN. 2015.

Respectfully
S/ Herbert Feist
Herbert Feist #18805
Jefferson County Jail
5030 Hwy 69 South
—4—
Beaumont, Tx. 77705

# IN THE COURT OF CRIMINAL APPEALS

## CASE NO: _____

Memorandum Of Law In Support Of Application For Writ Of Habeas Corpus Cause No. 36429 And 36678

Attachments to Petition For Writ of Mandamus or Writ of Error

## Identity Of Parties

Applicant: Herbert Feist,
Who is and was at all times mention
herein incarcerated At:
Jefferson County Jail
5030 Hwy 69 South
Beaumont, Texas 77705


Respondent: Sheriff is over said jail
of Jefferson County Jail
1001 Pearl St.
Beaumont, Tx. 77701

# Table of Contents

Cover

Identity of Parties i

Table of Contents ii

Index of Authorities iii

Table of Cases iii

Memorandum of Law in Support of 1

Application for Writ of Habeas Corpus 1

Jurisdiction 1

Venue 1

Statement of the Case 1

Issues Presented 3

Statement of Facts 3

Point of Error One 4

Void Conviction 4

Arguments And Authorities 4

Point of Error Two 5

Illegal Sentence 5

Arguments And Authorities 5

Point of Error Three 5

Violation of Plea Bargain Agreement 5

Arguments and Authorities 5

Point of Error Four 6

Expunge Order 6

Arguments And Authorities 6

Prayer 7

Certificate Of Service 7

Decleration 7

# Index of Authorities

## United States Constitution
Amendments 1st, 5th, 6th & 14th      5, 6

## Texas Constitution
Art. I, sec. 10      5, 6

## V.A.C.C.P.
Art. 11.07      1

Art. 55.01      6.

## Table of Cases
Ex parte Battle, 817 S.W. 2d 81, 84 (Tex. Crim. App. 1991)    5

Ex parte Canedo, 818 S.W. 2d 814, 815 (Tex Crim App. 1983)    5

Ex parte Green, 644 S.W. 2d 9 (Tex Crim. App 1983)    6

Ex parte Haywood    5

Ex parte Knable, 818 S.W. 2d 811 (Tex Crim. App. 1991)    5

Ex parte Murphy, 917 S.W. 2d 28 (Tex Crim. App 1996)    5

Ex parte Rogers, 629 S.W. 2d 741, 742 (Tex Crim App. 1982)    6

Ex parte Schroeter, 958 S.W. 2d 811 (Tex. Crim. App. 1997)    4

Ex parte Sims, 868 S.W. 2d 803 (Tex. Crim. App 1993)    5

Ex parte Scott, 818 S.W. 2d 226 (Tex Crim App. 1991)    7

Legg vs State, 594 S.W. 2d 429 (Tex. Crim App 1980)    6

Nubine vs. State, 721 S.W. 2d 430 (Tex App. Houston 1st Dist 1986)    6

Stapleton vs. State, 671 S.W. 2d 724 (Tex App. 1st Dist. Houston 1984    6

Texas Dept. of Public Safety vs. Wiggins, 688 S.W. 2d 227 (Tex. App.-El Paso 1985, no writ)    7

In The _____ District Court
Of Jefferson County, Texas

Ex Parte:                    Cause No.
  Herbert Feist,
   Applicant.

Memorandum Of Law In Support
Of Application For Writ Of Habens Corpus

To The Honorable Judge Of Said Court:
    Comes Now, Applicant Herbert Feist, in the
above style of action, who makes and files this his,
Memorandum of Law in Support of Application for
Writ of Habens Corpus, and would show unto this
Honorable Court, the following, to wit;

I.

Jurisdiction

Jurisdiction of this Honorable Court is invoked
pursuant to VACCP Art. 11.07

II.

Venue

Venue is proper.

III.

Statement Of The Case

Applicant has repeadely requested the cause
numbers, from his 1978-79, convictions from the
District Clerk, and District Attorney, but to no Avai
neither has complied.

This is a case where Applicant received a thirteen (13) year sentence, 8 stacked on 5, in a plea bargain both Oral, and Written for Shock Probation.

In 1995, Honorable Judge Gist admitted for the first time Shock Probation, was never successfully served, because it was never given.

Judge Gist, admitted, he willfully and intentionally broke the Plea Bargain, and engaged in illegal, unlawful, and unconstitutional act of Backdating the Sentence. He was indicted for, around eleven (11) different charges of this, that he obviously beat.

The Honorable Court of Criminal Appeals stated Backdating is Illegal and Unconstitutional, and rendered all convictions void.

Applicant conviction was somehow over looked.

Applicant, would have been too young to commit the crime, and too young to have been put in jail, and too the place of business, would not have even been built, nor, the complainants, old enough to have had established anything.

— 2 —

## IV.
### Issues Presented

Point of Error One:
Void Conviction

Point of Error Two:
Illegal Sentence

Point of Error Three:
Violation of Plea Bargain Agreement

Point of Error Four:
Expunge Order

## V
### Statement Of Facts

The facts of this case is due to two 1978-79 Void convictions of Backdated sentences, the State used them as enhancements before a jury in 1980-81, jury trial Cause No. 39295, As a result of this, his sentence started at 15 years, he was given 40, And is still on parole, which the State has revoke. He receive writ Abuse in 1983.

No State writ has ever had any hearing. He filed An Actual Innonce

Claim, and "Ineffective Assistance of Counsel, for Counsel Failure to Investigate Prior Conviction Used for Enhancement, Which WAS A Successfully Served Shock Probation

At this time, this is what all records, showed and still show.

In 1995, Judge Gist, Admitted he did'nt have Shock Probation and he did'nt No the Judge Backdated the sentence, and could not have filed Any time sooner.

This has caused the State to now use both priors, or All three priors As enhancements, in Cause No. 14-19584, in the 252nd District Court.

Which has enhanced misdermeanor(s), And State Jail felony(s).

This type of Action will continue to be had until A void order is entered in both causes.

## VI
## Point Of Error One
## Void Conviction

The conviction is void in that their exist No statute to support backdating, nor has it Ever been A statute to support it.

## Arguments and Authories

The Court of Criminal Appeals, has held backdating is illegal And

unconstitutional and all convictions, "VOID" Ex parte Haywood,

United States Constitutional Amend, 1st, 5th, 6th and 14th, Violation of Constitutional Rights. Ex parte Murphy, 917 S.W.2d 28 (Tex. Crim App. 1996);

Art. I, sec. 10 of Texas Constitution; Ex parte, Knable, 818 S.W.2d 811 (Tex Crim App 19

## VII
## Point Of Error Two
## Illegal Sentence

The Court of Criminal Appeals, held backdating Sentences, to be illegal and unconstitutional.

### Arguments and Authorities

Ex parte Haywood, and U.S. Const. Amend, 1, 5, 6, 14th, Tex. Const. Art. I, sec. 10 ; Ex parte Sims, 868 S.W.2d 803 (Tex. Cim App 1993); And Ex parte Schroeter, 958 S.W.2d 811 (Tex. Crim. App. 1997).

## VIII
## Point Of Error Three
## Violation Of Plea Bargain Agreement

The plea bargain was for Shock Probation, which Applicant thought he had successfully served

### Arguments and Authorities

-5-

In 1995, Judge Gist admitted that Shock Probation was never given, backdated sentence was.

This is a violation of U.S. Const Amend. 1, 5, 6, 14th; Tex. Const. Art. I, sec. 10; Ex parte Green, 644 S.W. 2d 9 (Tex. Crim. App. 1983); Ex parte Rogers, 629 S.W. 2d 741, 742 (Tex. Crim. App. 1982).

Misleading or inaccurate Advice regarding Applicant's eligibility for Shock Probation. Ex parte Canedo, 818 S.W. 2d 814, 815 (Tex Crim App. 1991); and Ex parte Battle, 817 S.W. 2d 81, 84 (Tex. Crim. App 1991)

## IX

### Expunge Order
Point of Error Four

These convictions are constantly used for enhancements in jury trials, they will continue to be used against Applicant unless they are EXPUNGED!

### Arguments and Authorities

Void convictions used to enhance punishment maybe collaterally Attacked Any time. Legg vs. State, 594 S.W. 2d 429 (Tex. Crim. App. 1980);

Judgments that are void cannot be used to enhance punishment. Nubine vs. State, 721 S.W. 2d 430 (Tex. App. Houston 1st dist. 1986); Stapleton vs. State, 671 S.W. 2d 724 (Tex. App. 1st Dist. 1984.

Also, see: V.A.C.C.P. art. 55.01; Ex parte

Scott, 818 S.W. 2d 226 (Tex. App. Corpus Christi, 1991);
Tex. Dept. of Public Safety vs. Wiggins, 688 S.W. 227
(Tex. App. - El Paso 1985, No writ).

X

## Prayer

Wherefore, Premises Considered, Applicant prays this writ of habeas corpus, Memorandum of Law, and all attached papers, be and is in all things Granted, in full, Wherefore, so Prayed.

XI

## Certification of Service

I, Herbert Feist, certify that I have Mailed, by U.S. pre paied postage Writ of Habeas Corpus, Memorandum of Law, and all attached papers, on Jefferson County District Clerk, on this 14th day of Nov., 2014.

XII

## Declaration

I, Herbert Feist, declare under the penalty of perjury that the foregoing is in all things true and correct, on this 14th day of Nov, 2014

Respectfully,

s/ Herbert Feist

Herbert Feist #1880.S
Jefferson County Jail
5030 Hwy 69 South
Beaumont, Tx. 77205

- 7 -

In The Court of Criminal Appeals
Austin, Texas


From Case No: 36429 and 36678


From Criminal District Court
of Jefferson County

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 26 2015

Abel Acosta, Clerk

Applicant Answer
to Trial Court
and State
Application For Writ of Habeas Corpus

Attachments Enclosed


by:
Herbert Feist #18805
Jefferson County Jail
5030 Hwy 69 South
Beaumont, Tx. 77705
Jan 19, 2015